**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RONALD E. THOMPSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHASE,**<br><br>**Defendant.** | **Case No. 3:26-CV-00059-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Ronald Thompson initiated this civil action against Chase (identified as "JPMorgan Chase Bank, N.A." in the notice of removal). Chase has moved to dismiss for insufficient service, failure to comply with Rules 8 and 10(b) of the Federal Rules of Civil Procedure, and failure to state a claim. (Doc. 12). For the reasons set forth below, the Court grants the Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

Plaintiff Ronald Thompson has a purchase money mortgage with Chase. (Doc. 1-1 at p. 8). Following divorce proceedings, Thompson was awarded the subject property. (*Id.*). In 2011, he requested that Chase remove his ex-wife's name from the home loan and property title. (*Id.*). Chase told him that to do so, Thompson would have to refinance the loan. (*Id.*). Accordingly, Chase sent Thompson's ex-wife the relevant documents to sign but later allegedly claimed it had not. (*Id.* at pp. 8-9).

Due to the incomplete paperwork, Chase informed Thompson that his loan "wasn't complete." (*Id.* at p. 9). But Thompson maintains that the loan had been "processed and a [sic]

additional 30 yrs [sic] added to the terms." (*Id.*). The back and forth over the loan processing continued through July 2011. (*Id.* at pp. 9-10).

Based on these allegations, Thompson asserts claims for breach of contract, fraud, misrepresentation, breach of the implied covenant of good faith and fair dealing, and violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA").[1] (*Id.* at p. 6). He seeks title to his property free and clear, along with damages for what he characterizes as overpayments on his mortgage and Chase's allegedly unethical practices. (*Id.* at p. 10).

Chase has moved to dismiss the Complaint, arguing that Thompson did not properly effect service of process under Rule 12(b)(5), that his claims are not plausible on their face under Rule 12(b)(6), and that his complaint does not comply with Rules 8 and 10(b). (Doc. 12 at pp. 1-2).

## LEGAL STANDARD[2]

A motion to dismiss under Rule 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). The Court accepts as true the complaint's well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because of the claims asserted under these federal statutes. Chase has also invoked the Court's jurisdiction pursuant to 28 U.S.C. §1332 because Thompson is a citizen of Illinois, and JPMorgan Chase Bank is a citizen of Ohio (as a national bank whose articles of association designate its main office in Ohio). *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that, for diversity jurisdiction purposes, a national bank is located in the state where its articles designate its main office, not in every state where it has branch offices). Moreover, Thompson is seeking $200,000 from Chase so the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc 1-1 at p. 3); 28 U.S.C. § 1332(a).

[2] Because the Court dismisses Thompson's claims without reaching Rules 12(b)(5), 8, and 10(b), the applicable standards are not discussed here.

501, 504 (7th Cir. 2013). To survive a Rule 12(b)(6) motion, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.*

## DISCUSSION

### I. Breach of Contract

Thompson first brings a breach of contract claim. To establish breach, a "plaintiff must show the existence of a valid and enforceable contract, performance of the contract by the plaintiff, breach of the contract by the defendant, and resulting injury to the plaintiff." *Sherman v. Ryan*, 392 Ill. App. 3d 712, 732 (Ill. App. Ct. 2009) (citations and internal quotations omitted). To plead "the existence of a valid contract," it is crucial that the plaintiff "allege facts sufficient to indicate the terms of the contract." *Id.*

Thompson has not met this burden. Even drawing a reasonable inference that the contract in question is the mortgage agreement, Thompson has not pleaded any facts describing the terms of the contract or what portions of it Chase allegedly breached. Without more, the Court cannot determine the plausibility of his claim.

Chase argues that Thompson's claim should be dismissed with prejudice because the statute of limitations has run. In Illinois, the limitations period for a written contract is ten years. 735 ILCS 5/13-206. However, "where a money obligation is payable in installments, a separate cause of action arises on each installment and the statute of limitations begins to run against each installment as it becomes due." *Wells Fargo Bank, N.A. v. Rodriguez*, 255 N.E.3d 1014, 1019 (Ill. App. Ct. 2024) (citing *Thread & Gage Co. v. Kucinski*, 451 N.E.2d 1292, 1296 (Ill.

App. Ct. 1983)).

Thompson alleges that in 2011, Chase extended his loan terms by 30 years. He then filed this complaint on September 5, 2025. Drawing all reasonable inferences in Thompson's favor, he likely was still paying the loan installments when he filed this complaint. Thus, although he is time-barred from recovering on breaches that occurred before September 5, 2015, he has timely filed his complaint for breaches occurring on or after that date. *See Luminall Paints, Inc. v. La Salle Nat'l Bank*, 581 N.E.2d 191, 194 (Ill. App. Ct. 1991) (reversing dismissal on a breach of contract claim because the statute of limitations had not run on the installments due within the ten years before the complaint was filed).

Therefore, the Court dismisses Thompson's breach of contract claim without prejudice as to breaches occurring on or after September 5, 2015, but with leave to amend. In his amended complaint, Thompson should provide a clearer and more definite set of facts describing the contract in question, its terms, his performance, how Chase allegedly breached the agreement, and how he was injured by such breach.

**II. Fraud and Misrepresentation**

Thompson further alleges fraud and misrepresentation for false statements that Chase allegedly made in 2011 regarding documents sent to his ex-wife and the completion of his refinancing. Chase urges dismissal because these claims are time-barred, and the Court agrees.

Statutes of limitations "discourage the presentation of stale claims and to encourage diligence in the bringing of actions." *Sundance Homes, Inc. v. County of Du Page*, 746 N.E.2d 254, 260 (Ill. 2001). They "represent society's recognition that predictability and finality are desirable, indeed indispensable, elements of the orderly administration of justice." *Id*. at 266.

For common-law fraud and misrepresentation, the limitation period is five years. 735 ILCS 5/13-205; *see Ko v. Eljer Indus.*, 678 N.E.2d 641, 646 (Ill. App. Ct. 1997); *Desantis v. Brauvin Realty Ptnrs, Inc.*, 618 N.E.2d 548, 551 (Ill. App. Ct. 1993). The period begins when "a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused." *Knox College v. Celotex Corp.*, 430 N.E.2d 976, 980 (Ill. 1981); *see Toushin v. Ruggiero*, 38 N.E.3d 130, 141 (Ill. App. Ct. 2015); *Hernandez v. Childers*, 736 F. Supp. 903, 911 (N.D. Ill. 1990).

Here, Thompson knew in 2011 that Chase was denying having sent his ex-wife the mortgage documents when he believed otherwise. In that same year, he also was aware that Chase's alleged claim that his loan was incomplete did not align with his belief that it had been "processed and a [sic] additional 30 yrs [sic] added to the terms." (Doc. 1-1 at p. 9). For this reason, he continued having a back and forth with Chase. (*Id*. at pp. 9-10).

Thus, because Thompson believed in 2011 that Chase was engaging in fraud and misrepresentation, the five-year statute of limitations began then and expired in 2016. His fraud and misrepresentation claims are thus dismissed as time-barred.

**III. TILA and RESPA**

Thompson also alleges that Chase's handling of his loan violated TILA and RESPA. Chase again urges dismissal because these claims are time-barred. The Court agrees.

The statute of limitations for both TILA and RESPA is either one or three years, depending on the violation alleged. 15 U.S.C. § 1640; 12 U.S.C. § 2614. The period begins on "the date of the occurrence of the violation." 15 U.S.C. § 1640; *see* 12 U.S.C. § 2614; *Horton v. Country Mortg. Servs.*, 2010 U.S. Dist. LEXIS 67, at *20 (N.D. Ill. Jan. 4, 2010).

Here, Thompson has not alleged which provisions of TILA and RESPA Chase violated

during its 2011 dealings with him. However, even assuming a violation triggering the more generous three-year period, Thompson's claims were long barred by the time he filed in 2025.

Thus, his TILA and RESPA claims are dismissed.

### IV. Implied Covenant of Good Faith and Fair Dealing

Finally, Thompson claims that Chase violated the implied covenant of good faith and fair dealing. Under Illinois law, however, this covenant "does not give rise to an independent cause of action." *Bernacchi v. First Chicago Ins. Co.*, 52 F.4th 324, 330 (7th Cir. 2022) (citing *Fox v. Heimann*, 872 N.E.2d 126, 134 (Ill. App. Ct. 2007)). Thus, Thompson's claim of a violation of the implied covenant of good faith and fair dealing is dismissed.

## CONCLUSION

For these reasons, Defendant Chase's Motion to Dismiss Plaintiff's Complaint (Doc. 12) is **GRANTED** on all counts.

The Complaint filed by Plaintiff Ronald E. Thompson is **DISMISSED with prejudice** as to his fraud, misrepresentation, TILA, RESPA, and implied covenant of good faith and fair dealing claims, and as to any breach-of-contract claims for breaches occurring before September 5, 2015; and **DISMISSED without prejudice** as to his breach of contract claim for breaches occurring on or after September 5, 2015, with **leave to amend** on or before **October 1, 2026**.

Thompson should amend his complaint to provide a more definite statement of his factual allegations and the claims he is asserting for breach of contract. The Court encourages Thompson to review the Court's resources for *pro se* litigants, which can be found at: https://www.ilsd.uscourts.gov/representing-yourself-pro-se-litigant. In particular, the Court encourages Thompson to review the American Bar Association's Handbook for Pro Se

Litigants, which explains how to draft a complaint in federal court. Once the Amended Complaint is filed, Defendant may re-raise its arguments for dismissal under Rule 12(b)(6).

If Thompson fails to file an Amended Complaint by **October 1, 2026**, this action will be dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED: September 1, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**